UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-20308-CIV-ALTONAGA/Reid

**LINAKER CHARLEMAGNE**,

    Petitioner,

v.

**MARK INCH**, *Secretary, Florida Department of Corrections*,

    Respondent.

_____ /

## **ORDER**

On January 24, 2020, Petitioner, Linaker Charlemagne, filed a *pro se* Petition Under 28 U.S.C. [Section] 2254 for Writ of Habeas Corpus by a Person in State Custody [ECF No. 1]. The Clerk referred the case to Magistrate Judge Lisette M. Reid under Administrative Order 2019-2 for a report and recommendation on dispositive matters. (*See* [ECF No. 2]). Petitioner then filed an Amended Petition [ECF No. 6] and Respondent filed a Response [ECF No. 10], to which Petitioner filed a Reply [ECF No. 17]. The case now comes before the Court on Judge Reid's January 19, 2021 Report of Magistrate Judge [ECF No. 21], recommending the Petition be denied. (*See id.* 1).

When a magistrate judge's findings or recommendations have been objected to, district courts must review the findings or recommendations *de novo*. *See* 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72(b)(3). When no party has timely objected, however, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note to 1983 addition (citation omitted). Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's

intent was to only require a *de novo* review where objections have been properly filed — not when neither party objects. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate[] [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." (alterations added)).

The Report advised Petitioner he had 14 days to file an objection. (*See* Report 14). To date, Petitioner has not filed an objection. The Court therefore reviews the Report for clear error.

The Amended Petition raises five claims: four ineffective-assistance-of-counsel claims (Claims 1 through 4); and a claim of actual innocence (Claim 5). (*See id.* 4, 6, 8–9, 11–12). In a thorough and well-reasoned Report, Magistrate Judge Reid concludes Petitioner's claims lack merit, the state courts' rulings were neither contrary to federal law or based on an unreasonable determination of fact or are simply not cognizable as claims in federal habeas proceedings. (*See id.* 5–6; 9, 11–13). The Court agrees.

The Magistrate Judge reviewed the ineffective-assistance-of-counsel Claims 1 and 2 *de novo*, after determining the state courts misconstrued Petitioner's argument (Claim 1) or applied an incorrect legal standard (Claim 2) — and thus the claims were improperly rejected by the state courts. (*See id.* 5, 7). After reviewing the testimony and evidence presented to the jury, and the prosecutor's remarks at trial, the Magistrate Judge concludes Petitioner failed to show either act constituting purported ineffective assistance of counsel prejudiced him under the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984). (*See id.* 6–8). Judge Reid recommends denying both Claim 1 and Claim 2 on the merits. (*See id.*).

The Report next correctly finds the state courts' rejections of Petitioner's ineffective-assistance-of-counsel Claims 3 and 4 were not contrary to, or an unreasonable application of,

clearly established federal law or an unreasonable determination of the facts. (*See id.* 8–11). The Magistrate Judge reached this conclusion after reviewing the factual findings and legal determinations made by the state courts and recommends denying both claims. (*See id.*).

In Claim 5, Petitioner contends new evidence — a witness's recantation of trial testimony — proves he is actually innocent of his crime of conviction. (*See id.* 11–12). The Magistrate Judge aptly observes such a claim is not cognizable in federal habeas proceedings absent an independent constitutional violation. (*See id.* 12 (citing *Raulerson v. Warden*, 928 F.3d 987, 1004 (11th Cir. 2019); *Herrera v. Collins*, 506 U.S. 390, 400 (1993))). The Report recommends denying Claim 5 given Petitioner's failure to show a constitutional violation; or, alternatively, because any possible due process argument is foreclosed by the other strong evidence of Petitioner's guilt combined with the state court's rejection of the witness's *ex post facto* recantation as incredible. (*See id.* 12–13 (citing *Bishop v. Warden*, 726 F.3d 1243, 1259 (11th Cir. 2013))).

The undersigned has reviewed the Report, the record, and the applicable law to assure herself that no clear error is present. Considering that review, the undersigned agrees with the recommendations in the Report and agrees with Judge Reid's analysis and conclusions. The Court also agrees with the Magistrate Judge that no certificate of appealability is warranted, as Movant has not made a substantial showing of the denial of a constitutional right. (*See id.* 12–13).

Accordingly, it is

**ORDERED AND ADJUDGED** that the Report **[ECF No. 21]** is **ACCEPTED AND ADOPTED**. Petitioner, Linaker Charlemagne's Amended Petition **[ECF No. 6]** is **DENIED**. A certificate of appealability shall not issue. The Clerk of Court is directed to **CLOSE** this case. All pending motions are **DENIED**.

CASE NO. 20-20308-CIV-ALTONAGA/Reid

**DONE AND ORDERED** in Miami, Florida, this 16th day of February, 2021.

_____
**CECILIA M. ALTONAGA**
**UNITED STATES DISTRICT JUDGE**

cc: counsel of record; Petitioner, *pro se*